

FILED
SEP 2 0 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No.  05 CR 0332 |
| v. ) | |
| ) | Judge John W. Darrah |
| CHRISTOPHER LENTI ) | |

## PLEA AGREEMENT

This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and the defendant, CHRISTOPHER LENTI, and his attorneys, TERRENCE GILLESPIE and JOSEPH RODDY, is governed by Rule 11 of the Federal Rules of Criminal Procedure.

This Plea Agreement is completely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 05 CR 0338.

This Plea Agreement concerns criminal liability only, and nothing herein shall limit or in any way waive or release any administrative or judicial civil claim, demand, or cause of action whatsoever, of the United States or its agencies.  Moreover, this Plea Agreement is limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities except as expressly set forth in this Plea Agreement.

By this Plea Agreement, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and the defendant,

CHRISTOPHER LENTI, and his attorneys, TERRENCE GILLESPIE and JOSEPH RODDY, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the superseding information in this case with one count of willfully delivering and disclosing to the Internal Revenue Service and the Secretary of the Treasury a fraudulent and false income tax return, in violation of Title 26, United States Code, Section 7207.

2. Defendant has read the charge against him contained in the superseding information, and those charges have been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crime with which he has been charged.

4. Defendant will enter a voluntary plea of guilty to the superseding information in this case.

5. Defendant will plead guilty because he is in fact guilty of the charge contained in the superseding information. In pleading guilty, defendant admits the following facts, and that those facts establish his guilt beyond a reasonable doubt:

On or about April 15, 2002, the defendant did willfully deliver and disclose, and caused to be delivered and disclosed, to the Internal Revenue Service and the Secretary of the Treasury, an individual U.S. Individual Income Tax Return (Form 1040 with schedules and attachments) for the calendar year 2001, which return was verified by a written declaration that it was made under the

2

penalties of perjury, that defendant knew to be fraudulent and false as to material matters.

Specifically, during the calendar year 2001, the defendant earned and received income from the City of Chicago, where he worked as a police officer. During that same calendar year, the defendant also worked as a security guard at Heavenly Bodies in Elk Grove, Illinois.

The defendant caused his income tax return (Form 1040 with schedules and attachments) to be filed on or about April 16, 2002, with the Director, Internal Revenue Service Center, Austin, Texas. The defendant knew, when he made and subscribed to his income tax return, that such return contained fraudulent and false statements with respect to material matters, to wit: the return falsely stated in line 22 that his total income was $47,065. In fact, as the defendant then and there well knew and believed, his total and taxable income during the year 2001 was substantially in excess of the sums reported, defendant having earned and received additional gross income through his employment as a security guard at Heavenly Bodies, in the amount of approximately $12,270.

The defendant's offense conduct during the year 2001 resulted in additional tax due and owing to the United States in the amount of approximately $3,291.

6. The defendant also acknowledges that for the purpose of computing his sentence under the Sentencing Guidelines, the

following conduct, to which he stipulates, constitutes relevant conduct under Guidelines Section 1B1.3: For the calender year 2000, the defendant willfully delivered and disclosed, and caused to be delivered and disclosed, to the Internal Revenue Service and the Secretary of the Treasury, individual U.S. Individual Income Tax Returns (Forms 1040 with schedules and attachments) that defendant knew to be fraudulent and false as to material matters. Specifically, on or about April 15, 2001, defendant filed his tax return for calendar year 2000 and falsely stated on line 22 that his total income was approximately $53,022. Defendant did not report on line 22 of this return approximately $440 of gross income earned from Heavenly Bodies and Cowboys in 2000. Moreover, on or about April 15, 2003, defendant filed his tax return for calendar year 2002 and falsely stated on line 22 that his total income was approximately $32,878. Defendant did not report on line 22 of this return approximately $7,096 of gross income earned from Heavenly Bodies and Cowboys in 2002. Moreover, on or about April 15, 2004, defendant filed his tax return for calendar year 2003 and falsely stated on line 22 that his total income was approximately $53,185. Defendant did not report on line 22 of this return approximately $1,111 of gross income earned from Heavenly Bodies and Cowboys in 2003. The total gross income not reported by the defendant for the years 2000, 2002 and 2003 was approximately $8,647. This resulted

in a tax loss to the United States of $112 for 2000, $2,362 for 2002, and $275 for 2003.

In summary, the tax loss to the United States for the defendant's offense conduct and relevant conduct is $6,040.

7. For purposes of calculating the guidelines promulgated by the United States Sentencing Commission pursuant to Title 28, United States Code, Section 994, the parties agree that the Sentencing Guidelines effective November 1, 2005 apply and agree on the following points:

(a) Under Guidelines § 2T1.1(a)(1) and § 2T4.1(D), the base offense level is 9 because the tax loss ($6,040) resulting from the offense conduct and relevant conduct is more than $5,000.

(b) Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if the defendant continues to accept responsibility for his actions, within the meaning of Guideline Section 3E1.1, a two-level reduction in the offense level is appropriate.

(c) Defendant has notified the government timely of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently, within the meaning of Guideline Section 3E1.1(b); an additional one-point reduction in the offense

5

level is therefore appropriate, provided the Court determines the offense level to be 16 or greater prior to the operation of Guideline Section 3E1.1(a).

(d) Based on the facts known to the parties, the defendant's criminal history points equal zero and the defendant's criminal history category is I. The defendant's adjusted offense level is 7. Accordingly, the defendant's projected Guidelines range is 0-6 months' imprisonment in Zone A.

(e) The defendant and his attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Plea Agreement. The defendant understands that the Probation Department will conduct its own investigation, that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculation. Accordingly, the validity of this Plea Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations.

(f) The defendant understands that he has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a legally constituted grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, the defendant knowingly waives his right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the

6

information, the information process, or the fact that he has been prosecuted by way of information.

8. Errors in calculations or interpretation of any of the guidelines may be corrected by either party prior to sentencing. The parties may correct these errors or misinterpretations either by stipulation or by a statement to the probation office and/or to the Court setting forth the disagreement as to the correct guidelines and their application. The validity of this Plea Agreement will not be affected by such corrections, and the defendant shall not have a right to withdraw his plea on the basis of such corrections.

9. Defendant understands the Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

10. The defendant understands the charge to which he will plead guilty carries a maximum penalty of one year imprisonment, and a maximum fine of $100,000. The defendant understands that this charge also carries a term of supervised release of not more than one year, which the Court may specify.

11. Defendant understands that, in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, the defendant will be assessed $50 on the count to which he has pled guilty, in addition to any other penalty imposed. The defendant agrees to pay the special assessment of $50 at the

7

time of sentencing with a check or money order made payable to the Clerk of the U. S. District Court.

12. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence and considering each count separately, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses, and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

13. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial.

14. Defendant understands that the superseding information and this Plea Agreement are matters of public record and may be disclosed to any party.

9

15. Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

16. Nothing in this Agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties from the defendant. The defendant understands that the amount of tax as calculated by the Internal Revenue Service may exceed the amount of tax due as calculated for the criminal case.

(a) Defendant agrees to transmit his original records, or copies thereof, and any additional books and records which may be helpful, to the Examination Division of the Internal Revenue Service so that the Internal Revenue Service can conduct a civil audit of defendant for 1998, 1999, and 2000.

(b) Preliminary to or in connection with any judicial proceeding, as that term is used in F.R.Cr. P. 6(e), defendant will interpose no objection to the entry of an order under Rule 6(e) authorizing disclosure of those documents, testimony and related investigative materials which may constitute grand jury material. Defendant will not object to the government soliciting consent from third parties, who provided information to the grand jury pursuant to grand jury subpoena, to turn those materials over to the Civil Division, appropriate federal or state administrative agency or the

Internal Revenue Service, for use in civil or administrative proceedings or investigations, rather than returning them to such third party for later summons or subpoena in connection with the civil case or collection of taxes from defendant.

17. At the time of sentencing, the parties may recommend any sentence they deem appropriate.

18. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose up to the maximum penalties as set forth in paragraph 10 above. However, the sentencing court is obligated to consult and take into account the Sentencing Guidelines in imposing a reasonable sentence.

19. After sentence has been imposed on the superseding information to which the defendant pleads guilty as agreed herein, the government will move to dismiss the indictment.

20. Defendant understands that his compliance with each part of this Plea Agreement extends throughout and beyond the period of his sentence, and failure to abide by any term of the Plea Agreement is a violation of the Agreement. He further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute the defendant not subject to any of the limits set forth in this Agreement, or to resentence the defendant. The defendant understands and agrees that in the event that this Plea Agreement is breached by the defendant, and

the Government elects to void the Plea Agreement and prosecute the defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

21. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

22. Defendant agrees this Plea Agreement shall be filed and become a part of the record in this case.

23. Should the judge refuse to accept the defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound thereto.

24. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 9/20/06

_____
PATRICK J. FITZGERALD
United States Attorney

_____
STEPHEN A. KUBIATOWSKI
Assistant United States Attorney

_____
CHRISTOPHER LENTI
Defendant

_____
TERRENCE GILLESPIE
Attorney for Defendant

_____
JOSEPH RODDY
Attorney for Defendant